UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 25-01455-KK-SPx | Date: | November 19, 2025 |
| Title: | BMO Bank N.A. v. LDH Freight, Inc. et al. | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Twyla Freeman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction

On June 11, 2025, plaintiff BMO Bank N.A. ("Plaintiff") filed a Complaint against defendants LDH Freight, Inc. and Harinder S. Brar ("Defendants"), asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF Docket No. ("Dkt.") 1, Compl. On September 18, 2025, Plaintiff requested entry of default against Defendants after Defendants failed to file an Answer within 21 days of being served the summons and Complaint. Dkt. 14. On September 19, 2025, the Clerk entered default judgment against Defendants. Dkt. 15.

On October 1, 2025, Plaintiff filed its first motion for default judgment ("First Motion") against Defendants. Dkt. 17. On October 28, 2025, the Court denied Plaintiff's First Motion for failing to comply with Local Rule 55-1. Dkt. 21. The Court further noted, as currently pled, Plaintiff's Complaint inadequately alleges complete diversity. Id. at 2. On November 10, 2025, Plaintiff filed a renewed motion for default judgment ("Renewed Motion"). Dkt. 22. In support of the Renewed Motion, Plaintiff submits the Declaration of Whitney Oliver, dkt. 23, and the Declaration of Jennifer Witherell Crastz ("Crastz Decl."), dkt. 24.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]" Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006). The party asserting federal jurisdiction bears the burden of proving jurisdiction exists. Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d

720, 723 (9th Cir. 2021).  "Before entering default judgment against a non-appearing party, district courts have an affirmative duty to consider subject matter jurisdiction, personal jurisdiction, and service."  Blumenthal Distrib., Inc. v. Comoch Inc., 652 F. Supp. 3d 1117, 1126 (C.D. Cal. 2023) (citing In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999)).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  Complete diversity requires each plaintiff to be of a different citizenship than each defendant.  Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  An individual is a citizen of the state where they are domiciled.  See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Under 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office is located.  Rouse v. Wachovia Mortg., FSB, 747 F.3d 707, 709 (9th Cir. 2014).

Here, Plaintiff has not adequately alleged its citizenship.  In her declaration in support of the Renewed Motion, Plaintiff's counsel states Plaintiff "is a national banking association and is authorized to do business in the State of California.  Plaintiff is wholly-owned by BMO Financial Corp., a Delaware corporation."  Crastz Decl. ¶ 24.  These allegations are insufficient to establish citizenship for purposes of diversity jurisdiction.  See Rouse, 747 F.3d at 715; see also Bank of Am., N.A. v. Remington Place Homeowners' Ass'n, 836 F. App'x 580, 580-81 (9th Cir. 2021) (opining citizenship was not established where the plaintiff alleged it was "a national bank with its principal place of business in Charlotte").

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall file a response to this Order **no later than seven days from the date of this Order**.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for lack of subject matter jurisdiction and/or failure to prosecute and comply with court orders.**  See Arbaugh, 546 U.S. at 514; Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**